EDWARDS et al. v. ROTHKRANZ et al.

(Third Division. Valdez. July 16, 1907.)

No. 144.

1. SPECIFIC PERFORMANCE (§ 28*)—CONTRACTS—CERTAINTY.

    Equity will not enforce specific performance of a contract, unless its terms are definite and certain. There must have been a clear and mutual understanding of, and a positive assent to, its terms on the part of each party thereto.

    [Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 61–85; Dec. Dig. § 28.*]

Brown & Smith, for plaintiffs.

L. W. Leedy and J. Y. Ostrander, for defendants.

GUNNISON, District Judge. M. V. Edwards and Robert Kronmeier, these plaintiffs, bring this suit to compel defendants to specifically perform an agreement to convey to them an undivided one-half interest in certain lode mining claims, located on Knight's Island, in this division. They allege that by the terms of a certain oral grubstake agreement, made between themselves and these defendants about August 1, 1905, they were entitled thereto. The defendant A. Von Gunther does not contest plaintiffs' claim of title, but made with the following stipulation:

    "It is hereby stipulated and agreed by and between the plaintiffs and defendant A. Von Gunther, that plaintiffs may take judgment against said defendant for the interest in the mining claims as alleged in plaintiffs' complaint, but without costs against defendant, but limited to undivided one-third (⅓) in claims described in complaint."

The defendant Rothkranz in his answer admits having entered into an agreement, but denies that the terms of this agreement were as alleged by plaintiffs. He further asserts

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

that, regardless of what the terms of the agreement might have been, the agreement was abrogated by the parties before it had been carried out, and that the claims, Skyline, Tramway, Bonito, Flint Lake, Mountain Side, Corker, Constellation, Canyon, Constitution, and Snowslide, in which plaintiffs claim an interest, were located after the trip made under the agreement had ended, and after all the parties had returned to Valdez. These claims, he asserts, were discovered and staked by him alone under a grubstake agreement with A. Von Gunther, and that these plaintiffs have no interest whatever in them.

The testimony discloses that Edwards, for himself and Kronmeier, and Rothkranz, for himself and Von Gunther, entered into an oral grubstake agreement. Neither Kronmeier nor Von Gunther were present during the negotiations and took no part in them. It is impossible from the evidence to determine what the terms of the agreement were. It appears that neither Edwards, Kronmeier, nor Rothkranz understood the agreement in the same way. The testimony of Edwards is not at all clear or definite upon that subject. Kronmeier, not having taken part in the negotiations, testified to little that threw light upon the subject. Rothkranz's evidence was clear and definite; but his view of the agreement does not at all coincide with that given by plaintiffs upon the important matters of staking and of the names in which the claims were to be staked.

If there is one rule applicable to the specific performance of contracts that is well established, it is that the contract which it is sought to have specifically enforced must be definite as to its terms and limitations. 22 Am. & Eng. Ency. of Law, 1006; Colson v. Thompson, 2 Wheat. 336, 4 L. Ed. 253; Dalzell v. Dunbar Watch Case Co., 149 U. S. 315, 13 Sup. Ct. 886, 37 L. Ed. 749.

It is also well established that, before a contract will be specifically enforced, there must have been a clear and mutual

understanding of, and a positive assent to, its terms on the part of each party.   22 Am. & Eng. Ency. of Law, 1016; Rushton v. Thompson (C. C.) 35 Fed. 635.   When these tests are applied to the agreement under consideration, it is found to be lacking in the essentials.   Hence plaintiffs cannot succeed.

But there is another reason why the relief sought by plaintiffs should not be granted.   It is clear from the testimony of all parties that when they arrived on the ground a disagreement took place over the terms of the contract, and that by mutual consent it was abrogated; each thereafter acting independently in his work of prospecting for and locating mining claims.   For these reasons, the relief sought by plaintiffs against the defendant Rothkranz must be denied.   As to that against the defendant Von Gunther, plaintiffs are entitled under the stipulation to a deed from Von Gunther of an undivided one-third of the interest of the said Von Gunther in the claims described in the complaint herein.   The defendant Rothkranz should have his costs.

Let a decree enter in accordance herewith.